**Juan C. Velasco, Esq.**
**1870 Route 27 – Suite 202**
**Edison NJ  08817**
**732-985-5520; juan@velascolaw.com**
**Attorney for Debtor**

_____

| | |
|---|---|
| **IN RE:** | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **John A. Paone  and**<br>**Bonnie A. Paone** | Case No. 18-30692-CMG |
| **Debtor(s)** | CHAPTER:          13<br>JUDGE:       Christine M. Gravelle |

_____

**NOTICE OF MOTION FOR APPROVAL OF
LOAN MODIFICATION**

     PLEASE TAKE NOTICE, that on 14 days notice or as soon thereafter that counsel may be heard, the undersigned, as attorney for debtor, will move before Honorable Christine M. Gravelle, US Bankruptcy Court, 402 East State Street, Courtroom #3 Trenton NJ 08608, for an Order Approving Modification of Loan.

     YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).

     If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date. If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date. You must also mail a copy of your response to all parties.  If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

     The undersigned will rely on the attached Certification in support of this motion, as no complicated issued are present oral argument is not requested.

                                                        Juan C. Velasco, Esq.
                                                        Attorney for Debtor

Dated:   October 22, 2019.                              By:  /S/ Juan C. Velasco_____
                                                                       Juan C. Velasco, Esq.

**Juan C. Velasco, Esq.**
**1870 Route 27 – Suite 202**
**Edison NJ  08817**
**732-985-5520; juan@velascolaw.com**
**Attorney for Debtor**

_____
**IN RE:**

**John A. Paone  and**
**Bonnie A. Paone**



                         **Debtor(s)**
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Case No. 18-30692-CMG


CHAPTER:              13
JUDGE:      Christine M. Gravelle

**CERTIFICATION IN SUPPORT OF**
**NOTICE OF MOTION FOR APPROVAL OF**
**LOAN MODIFICATION**

I, Juan C. Velasco, being of full age certify that:

1. I am an attorney of the State of New Jersey and I represent the above referenced debtors.

2. The debtors are currently paying a mortgage which was recorded on April 3, 2007, Book 12272, Page 0612 on the real property, located at the debtors' residence 157 RUTLEDGE CT N, MATAWAN, NJ 07747.

3. The debtors have worked out a modification of the existing mortgage loan with Select Portfolio Servicing, Inc. acting on behalf of the lien holder, see attached.

4. The subject mortgage is outside the Debtors' Chapter 13 Plan and as such will not affect the Debtors' Chapter 13 Plan.

5. Through this motion, debtors request that the Court Approve the Loan Modification.


I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willingly false, that I am subject to punishment.


Dated:  October 22, 2019.                    By: /S/ Juan C. Velasco_____
                                                  Attorney for Debtor

## LIEN MODIFICATION AGREEMENT

This Lien Modification Agreement ("Agreement") is effective August 1, 2019, between JOHN PAONE and BONNIE PAONE, ("Property Owner") and Select Portfolio Servicing, Inc., acting on behalf of the lien holder, ("Lien Holder"). If Property Owner's representations and covenants in Section 1 continue to be true in all material respects, then this Agreement will amend and supplement, as set forth in Section 2, the lien documents dated March 22, 2007, securing the original principal sum of $625,000.00 ("Lien Documents"), which encumber the real and personal property described in the Lien Documents (defined in the Lien Documents as the "Property"), known as

157 RUTLEDGE CT N
MATAWAN, NJ 07747

*Lien Holder acknowledges that the mortgage loan related to the Property has been discharged. Even though the Property Owner's personal liability on the note is discharged, the terms of the Lien Documents remain in effect. Lien Holder continues to have an enforceable lien on the Property. This lien modification agreement does not constitute a reaffirmation of debt under United States Code Title 11.*

1. <u>Property Owner Representations and Covenants.</u> Property Owner certifies, represents, covenants, and agrees as follows:

    a. Property Owner is experiencing a financial hardship, and as a result, (i) is in default under the Lien Documents or default is imminent, and (ii) Property Owner does not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    b. There has been no impermissible change in the ownership of the Property since Property Owner signed the Lien Documents.

    c. If requested by Lien Holder, Property Owner has provided documentation for all income that they receive.

    d. All documents and information Property Owner has provided to Lien Holder in connection with this Agreement, including the documents and information regarding eligibility for this Agreement, are complete, true and correct.

    e. Property Owner has made or will make all payments required under a trial modification plan or lien workout plan, if applicable.

    f. The property is neither in a state of disrepair, nor condemned.

    g. Property Owner is not a party to any litigation involving the Lien Documents, except to the extent the Property Owner may be a defendant in a foreclosure action.

2. <u>The Modification</u>. If Property Owner's representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Lien Documents will automatically become modified on August 1, 2019 (the "Modification Effective Date") and all late charges that remain unpaid will be waived. Property Owner understands that if they fail to make any payments as a precondition to this modification under a workout plan or trial modification plan, this modification will not take effect. The first modified payment will be due on September 1, 2019.

    a. The Maturity Date will be: October 1, 2037.

    b. The modified principal balance to satisfy the Lien will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, Unpaid Amounts) less any amounts paid to the Lien Holder but not previously credited to the account associated with the Lien Documents. The new principal balance to satisfy the Lien will be $642,900.73 (the "New Principal Balance"). Property Owner understands that by agreeing to add the Unpaid Amounts to the outstanding balance to satisfy the Lien, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Property Owner also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding balance to satisfy the Lien, which would not happen without this Agreement.

    c. Interest at the rate of 3.250% will begin to accrue on the Interest Bearing Principal Balance as of August 1, 2019 and the first new monthly payment on the Interest Bearing Principal Balance will be due on September 1, 2019. The payment schedule for the modified Lien Documents is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-218 | 3.250% | N/A | $2,545.39 | $0.00 | $2,545.39, which may adjust periodically | September 1, 2019 | 218 |

A final balloon payment on the Interest Bearing Principal Balance of $404,372.21 is due on the Maturity Date.

The above terms in this Section 2.c shall supersede any provisions to the contrary in the Lien Documents, including but not limited to, provisions for an adjustable, step or simple interest rate. Interest will be charged on unpaid principal until the full amount of the New Principal Balance has been paid. Property Owner will pay interest at a yearly rate of 3.250%.

BALLOON NOTICE. In order to reach an affordable payment, we extended your amortization term, which is the rate or speed by which your mortgage is calculated to be paid off; however, your maturity term, which is the period of time until your mortgage becomes due and payable, could not be fully extended to an equal term. This is because the investor on your account allows us to change your amortization term but does not allow us to change the maturity term to match. As a result of the difference between these two periods, there will be an amount due of $404,372.21 on the date your lien matures on October 1, 2037. The amount outstanding at maturity is in addition to your monthly scheduled payment that you received as part of your modification.

The monthly payment under this modification does not include the collection of funds for property taxes and homeowner's insurance (non-escrowed). Therefore Property Owner is responsible for the payment of taxes and insurance as required under the Loan Documents. If Property Owner fails to pay property taxes, the taxing entity may sell the property and Property Owner could lose their home. If Property Owner fails to pay homeowner's insurance, the property may not be protected from loss or damage. Property Owner is obligated under the Mortgage to keep the home properly insured and to pay taxes on time.

3. **Other Agreements.** Property Owner and Lien Holder also agree to the following:

   a. This Agreement shall supersede any modification, forbearance, trial period plan, or other workout plan that Property Owner previously entered into with Lien Holder.

   b. The Lien Documents, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   c. All terms of the Lien Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the terms contained in the Lien Documents.

   d. All covenants, agreements, and requirements of the Lien Documents, including all requirements to make payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments under the Lien Documents remain in full force and effect.

   e. If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Lien Documents as amended by this Agreement, within ten (10) days after receipt of the Lien Holder's request, Property Owner will execute, acknowledge, initial, and deliver to the Lien Holder any documentation the Lien Holder deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If Property Owner fails to do so, Property Owner will be liable for any and all loss or damage which the Lien Holder reasonably sustains as a result of Property Owner's failure. At Lien Holder's option, this Agreement will be void and of no legal effect upon notice of such loss, misplacement, misstatement, or inaccuracy. If Property Owner elects not to sign any such corrective documentation, the terms of the original Lien Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and Property Owner will not be eligible for a modification.

   f. The mortgage insurance premiums, if applicable, may increase as a result of the capitalization, which will result in a higher total monthly payment. Furthermore, the date on which Property Owner may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

Jul/11/2019 11:21:40 AM                    Columbia Bank - Old Bridge                                      3/4

g.  As of the Modification Effective Date, notwithstanding any other provision of the Lien Documents, Property Owner agrees as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lien Holder's prior written consent, the Lien Holder may, at its option, require immediate payment in full of all sums secured by the Lien Documents. However, the Lien Holder shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lien Holder exercises this option, the Lien Holder shall give Property Owner notice of acceleration. The notice shall provide a period of not less than thirty (30) days — depending on state law and other requirements — from the date the notice is delivered or mailed within which all sums secured by the Lien Documents must be paid. If these sums are not paid prior to the expiration of this period, the Lien Holder may invoke any remedies permitted by the Lien Documents without further notice or demand on Property Owner.

h.  As of the Modification Effective Date, a buyer of the Property will not be permitted, under any circumstance, to assume the Mortgage. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

i.  All payment amounts specified in this Agreement assume that payments will be made as scheduled.

j.  If Property Owner is in bankruptcy upon execution of this document, Property Owner will cooperate fully with Lien Holder in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. Property Owner understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Lien Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

k.  In agreeing to the changes to the Lien Documents as reflected in this Agreement, Lien Holder has relied upon the truth and accuracy of all of the representations made by Property Owner, both in this Agreement and in any documentation provided by or on behalf of Property Owner in connection with this Agreement. If Lien Holder subsequently determines that such representations or documentation were not truthful or accurate, Lien Holder may, at its option, rescind this Agreement and reinstate the original terms of the Lien Documents as if this Agreement never occurred.

**TAX CONSEQUENCES OF LOAN MODIFICATIONS.** There may be income tax consequences related to this loan modification. Because you will be responsible for paying any income tax due as a result of this loan modification, you may wish to consult a tax advisor before accepting this loan modification.

The Property Owner(s) and Lien Holder have signed this Agreement as of the Effective Date.

Property Owner Signature: _John A. Paone_____    Date: _7/11/19_

Property Owner Signature: _Bonnie A. Paone_____    Date: _7/14/19_

Select Portfolio Servicing, Inc. (On behalf of Lien Holder): _____    Date: _____

Jul/11/2019 11:21:40 AM                Columbia Bank - Old Bridge                                4/4

g. As of the Modification Effective Date, notwithstanding any other provision of the Lien Documents, Property Owner agrees as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lien Holder's prior written consent, the Lien Holder may, at its option, require immediate payment in full of all sums secured by the Lien Documents. However, the Lien Holder shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lien Holder exercises this option, the Lien Holder shall give Property Owner notice of acceleration. The notice shall provide a period of not less than thirty (30) days — depending on state law and other requirements — from the date the notice is delivered or mailed within which all sums secured by the Lien Documents must be paid. If these sums are not paid prior to the expiration of this period, the Lien Holder may invoke any remedies permitted by the Lien Documents without further notice or demand on Property Owner.

h. As of the Modification Effective Date, a buyer of the Property will not be permitted, under any circumstance, to assume the Mortgage. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

i. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

j. If Property Owner is in bankruptcy upon execution of this document, Property Owner will cooperate fully with Lien Holder in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. Property Owner understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Lien Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

k. In agreeing to the changes to the Lien Documents as reflected in this Agreement, Lien Holder has relied upon the truth and accuracy of all of the representations made by Property Owner, both in this Agreement and in any documentation provided by or on behalf of Property Owner in connection with this Agreement. If Lien Holder subsequently determines that such representations or documentation were not truthful or accurate, Lien Holder may, at its option, rescind this Agreement and reinstate the original terms of the Lien Documents as if this Agreement never occurred.

**TAX CONSEQUENCES OF LOAN MODIFICATIONS.** There may be income tax consequences related to this loan modification. Because you will be responsible for paying any income tax due as a result of this loan modification, you may wish to consult a tax advisor before accepting this loan modification.

The Property Owner(s) and Lien Holder have signed this Agreement as of the Effective Date.

Property Owner Signature: _John A. Paone_          Date: 7/11/19

Property Owner Signature: _Bonnie A. Paone_        Date: 7/12/19

Select Portfolio Servicing, Inc. (On behalf of Lien Holder): _____          Date: _____

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Juan C. Velasco, Esq.**<br>**1870 Route 27 – Suite 202**<br>**Edison NJ  08817**<br>**732-985-5520; juan@velascolaw.com**<br>**Attorney for Debtor** | Case No. 18-30692-CMG<br><br>HEARING DATE:<br>CHAPTER:              13<br>JUDGE:         Christine M. Gravelle |
| **IN RE:**<br><br>    **John A. Paone  and**<br>    **Bonnie A. Paone** | |

### ORDER GRANTING REOPENING CASE

The relief set forth on the following page, numbered two (2) is hereby ORDERED.

Debtor(s): **John A. Paone and Bonnie A. Paone**

**Case No. 18-30692-CMG**

Caption of Order: **ORDER APPROVING LOAN MODIFICATON**

    THIS MATTER having come before the Court on Attorney for Debtors' Motion to APPROVE LOAN MODIFICATON, and the Court having been satisfied that proper service and notice was effectuated on Chapter 13 Trustee and the Court having considered the Debtors' Attorney Certification and supporting papers, and good and sufficient cause appearing there from for the entry of this Order: it is

ORDERED as follows:

    1.    The Loan Modification between the debtors and Loan Servicing Portfolio, Inc on behalf of the lien holder affecting the debtors' residence 157 RUTLEDGE CT N, MATAWAN, NJ 07747 is APPROVED.

    The successful party shall serve this Order on the debtor, any trustee and all parties who entered an appearance on this motion.